**IT IS ORDERED as set forth below:**



Date: September 22, 2020

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| MARY TORRENCE WILLIAMS, | : | CASE NO. 20-62464-WLH |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER APPROVING SETTLEMENT WITH DEBTOR UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

On August 24, 2020, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Mary Torrence Williams ("**Debtor**"), filed his *Motion for Order Authorizing Settlement with Debtor under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 37] (the "**Motion**"), seeking an order approving a settlement agreement (the "**Settlement Agreement**") between Trustee and Debtor (collectively, the "**Parties**") wherein, *inter alia*,[1] Debtor shall pay $19,800.00 (the **Settlement Funds**") to Trustee

---

[1]  The following is a summary of the Settlement Agreement and is not intended to be comprehensive.  To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

15552300v1

for the interest of the Bankruptcy Estate (the "**Interest**") in that certain improved real property with a common address of 2518 Chimney Ridge Drive, SW, Conyers, Georgia 30094 (the "**Property**").  In return, the Interest of the Bankruptcy Estate in and to the Property shall be deemed abandoned upon the later of: (1) Trustee's receipt in full of the Settlement Funds from Debtor in good funds; and (2) this Order becoming final.[2]  In addition, the Parties stipulate and agree that Debtor shall not have a claim under Section 502(h) of the Bankruptcy Code in the Bankruptcy Case for or on account of payment of the Settlement Funds, or for any reason, and that neither Debtor nor any of her affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate until all allowed claims against the Bankruptcy Estate are paid in full, under applicable law. Moreover, Debtor waives any and all obligations that the Bankruptcy Estate may otherwise have to pay to Debtor out of the Settlement Funds on account of exemptions asserted by or on behalf of Debtor, if any, in the Property, the Interest, or the Settlement Funds. Finally, the Settlement Agreement includes default provisions should Debtor fail to make the Scheduled Payments totaling $19,800.00.  The complete terms of the Settlement Agreement are set forth in Exhibit "A" to the Motion.

Also on August 24, 2020, Trustee filed *Notice of Pleading, Deadline to Object, and for Hearing* [Doc. No. 38] (the "**Notice**") regarding the Motion, in accordance with General Order No. 24-2018.  Counsel for Trustee certifies that he served the Notice on all requisite parties in interest on August 24, 2020.  [Doc. No. 39].

---

[2]   Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

15552300v1

The Notice provided notice of the opportunity to object and for hearing pursuant to the procedures in General Order No. 24-2018.  No objection to the Motion was filed prior to the objection deadline provided in the Notice.

The Court having considered the Motion and all other matters of record, including the lack of objection to the relief requested in the Motion, and, based on the forgoing, finding that no further notice or hearing is necessary; and, the Court having found that good cause exists to grant the relief requested in the Motion, it is hereby

**ORDERED** that the Motion is **GRANTED**: the Settlement Agreement is approved and its terms are incorporated herein.  It is further

**ORDERED** that Trustee may take any other actions necessary to effectuate the terms of the Settlement Agreement.  It is further

**ORDERED** that this Court retains jurisdiction to (i) interpret, implement, and enforce this Order, (ii) resolve any disputes regarding or concerning the Settlement Agreement, and (iii) enter such other and further orders as may be necessary, just, or proper as an aid to enforcement or implementation of this Order.

**[END OF DOCUMENT]**

**Order prepared and presented by**:

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363
Telephone: (404) 873-7030
Email: michael.bargar@agg.com

15552300v1

**Identification of entities to be served:**

Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Mary Torrence Williams
2518 Chimney Ridge Drive SW
Conyers, GA  30094

Angelyn M. Wright, Esq.
The Wright Law Alliance, PC
P. O. Box 3576
Decatur, GA  30031

Michael J. Bargar
Arnall Golden Gregory LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363

15552300v1